UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN H. WHITE,

          **Plaintiff,**

    v.                                                               9:14-cv-1105

(BKS/TWD)

T. ALLEN,

          **Defendant.**

_____

**APPEARANCES:**

**John H. White**
08-A-3366
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871
*Plaintiff, pro se*

**Christopher J. Hummel, Esq.**
New York State Attorney General's Office
The Capitol
Albany, NY 12224
*Attorney for Defendant*

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Presently before the Court are Plaintiff's appeals from discovery and other non-dispositive orders entered by United States Magistrate Judge Thérèse Wiley Dancks on November 10, 2016, and March 13, 2017. (Dkt. Nos. 133 and 156). Defendant Allen has responded to the appeals, seeking affirmance of the orders. (Dkt. Nos. 137 and 159). For the reasons that follow, Magistrate Judge Dancks' orders are affirmed.

## II. BACKGROUND

Plaintiff John White filed this *pro se* action under 42 U.S.C. § 1983 asserting claims arising out of his confinement at Upstate Correctional Facility. (Dkt. No. 1). Plaintiff alleges that Defendant T. Allen, a lieutenant at the facility, violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from attacks by other inmates. (*Id.*). Plaintiff alleges that Defendant Allen interviewed Plaintiff on September 3, 2014, about a "security complaint" that Plaintiff had sent to the New York State Commission of Correction regarding Sergeant Gravlin's alleged deliberate indifference to Plaintiff's security concerns. (*Id.*, p. 1). Plaintiff alleges that he told Defendant Allen that he has been attacked on numerous occasions by other inmates and that officials have suppressed Plaintiff's security concerns. (*Id.,* pp. 15-16). Plaintiff alleges that Allen did not believe that Plaintiff needed enhanced security or that officials misrepresented Plaintiff's security concerns. (*Id.,* p. 15). Allen allegedly told Plaintiff that he would not order or recommend that Plaintiff be placed in protective custody or separated from his cellmate. (*Id.,* p. 8).

## III. DISCUSSION

A magistrate judge may issue orders regarding non-dispositive pretrial matters; such matters are committed to the discretion of the magistrate judge, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "Under this highly deferential standard, magistrate judges are 'afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused.'" *Storms v. United States*, No. 13-CV-0811 (MKB),

2014 WL 3547016, at *4, 2014 U.S. Dist. LEXIS 96665, at *15 (E.D.N.Y. July 16, 2014) (citation omitted).

Plaintiff seeks review of four Text Orders (Dkt. Nos. 126-129) issued by Magistrate Judge Dancks on November 10, 2016. (Dkt. No. 133, p. 7). In these Text Orders Judge Dancks: (1) denied Plaintiff's motion to compel discovery (Dkt. No. 87) as moot because Defendant "responded to the discovery demands at issue" (Dkt. No. 126); (2) denied Plaintiff's motion to amend the complaint to add Defendant's counsel as a party to this action (Dkt. No. 92) because, *inter alia*, it "did not assert a plausible constitutional cause of action" (Dkt. No. 127); (3) denied Plaintiff's motion seeking to compel discovery (Dkt. No. 99) because, *inter alia*, "the information sought is not proportional to the needs of the case nor relevant to the [failure to protect] cause of action" (Dkt. No. 128); and (4) denied Plaintiff's motions seeking discovery and sanctions (Dkt. No. 119 and 120) because, *inter alia* "[d]iscovery sought is not relevant to the cause of action for failure to protect." (Dkt. No. 129). Plaintiff objects to the "orders denying discovery," arguing that the discovery sought is "related to the allegations within the complaint." The Court has reviewed Plaintiff's motions, the Defendant's responses and Magistrate Judge Dancks' text orders and does not find any clear error or abuse of discretion.[1]

Plaintiff has also appealed from that portion of Magistrate Dancks' March 13, 2017 order (Dkt. No. 151) denying Plaintiff's motion to compel discovery (Dkt. No. 121). (Dkt. Nos. 156 and 159). Plaintiff argues that the discovery denied "effectively hinders my adducement of

---

[1] Plaintiff has failed to identify any other particular discovery order to which he objects, but appears to object to "discovery matters previously denied," without identifying any particular order or any basis for an objection. (Dkt. No. 133, p. 5). Any such objection is untimely and, in any event, is insufficient to present a basis for review.

3

materially favorable information demonstrating a pattern "or custom" subjecting me to cruel & unusual punishment & [Allen's] awareness of such hazardous participation." (Dkt. No. 156, p. 1). Plaintiff also objects to defense counsel's failure to provide Plaintiff with a copy of the documents that the court directed be provided for in camera review. (Dkt. No. 160). Having reviewed Plaintiff's motion and Magistrate Judge Dancks' Order, the Court does not find any abuse of discretion or clear error. The issue in this case is whether Defendant Allen violated Plaintiff's Eighth Amendment right by failing to protect Plaintiff after Allen interviewed Plaintiff on September 3, 2014 regarding Plaintiff's complaint concerning Sergeant Gravlin. Magistrate Judge Dancks directed Defendant Allen to produce documents relevant to this case. (Dkt. No. 151, p. 2). Specifically, Magistrate Judge Dancks directed Defendant to produce to Plaintiff "any grievances lodged by Plaintiff at Upstate Correctional Facility which involve Defendant Allen or non-party Corrections Sergeant Gravlin." (*Id*., pp. 2-3). Magistrate Judge Dancks further directed Defendant to produce "to the Court for an in camera review any complaints that involve claims of failure to protect an inmate contained in Defendant Allen's employment file regardless of type of complaint or origin (e.g., grievances, lawsuits, etc.)." Directing that the review of these documents be in camera, i.e., without a copy provided to Plaintiff, was well within Magistrate Dancks' discretion. *See*, *e.g.*, *Hyatt v. Rock*, No. 9:15-CV-0089, 2016 WL 6820378, at *4 n.6, 2016 U.S. Dist. LEXIS 159831, at 14 n.6. (N.D.N.Y. Nov. 18, 2016).

Upon review of the record, the Court concludes that Magistrate Judge Dancks' November 10, 2016 and March 13, 2017 Orders are well within her discretion, and that there is no basis to find that the rulings are clearly erroneous or contrary to law. It is therefore

**ORDERED** that the Orders (Dkt. Nos. 126, 127, 128, 129 and 151) of United States Magistrate Judge Thérèse Wiley Dancks are **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's appeals (Dkt. Nos. 133 and 156) are **DENIED**.

**IT IS SO ORDERED.**

Dated: July 17, 2017
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge